FRIENDFINDER NETWORKS INC.
AMENDMENT TO STOCKHOLDERS' AGREEMENT
DATED AS OF FEBRUARY 18, 2021

This Amendment (this "*Amendment*") to the Amended and Restated Stockholders' Agreement dated as of May 1, 2018 (the "*Agreement*") is entered into by and among FriendFinder Networks Inc., a Delaware corporation (the "*Company*") and the Stockholders signatory hereto who desire to amend the Agreement as set forth below. Capitalized terms used but not otherwise defined herein shall have the respective meanings given in the Agreement.

1. (a) Andrew B. Conru and his Affiliates are a Designated Holder; and (b) each of Kestrel I and Kestrel II hold at least 60% of the Voting Shares that they held as of consummation of the Restructuring, and together such Stockholders own more than 60% of the outstanding Voting Shares. Accordingly, per Section 8.1 of the Agreement, the Company, Andrew B. Conru and his Affiliates, Kestrel I and Kestrel II may enter into this Amendment which will amend the Agreement accordingly.

2. It is acknowledged that Kestrel I and Kestrel II intend to sell their Voting Shares to Jonathan .B. Buckheit ("Buckheit") (which shall be a Transfer of all of such Stockholders' Company Equity Securities as referenced in the last sentence of Article IX of the Agreement) and in connection with such sale Buckheit will join the Agreement as a party thereto by executing the Joinder Agreement, to which sale Andrew B. Conru consents. The parties hereby agree that effective concurrently with Kestrel I and Kestrel II entering into a binding agreement with Buckheit for the purchase and sale of their Voting Shares, the Agreement will be amended as follows:

Section 1.1 of the Agreement is hereby amended by adding the following "Buckheit" definition and amending and restating the "Permitted Transfer" definition in its entirety to read as follows:

"*Buckheit*" means Jonathan B. Buckheit, a California resident

"*Permitted Transfer*" means (a) with respect to a Stockholder who is a natural Person, any Transfer by such Stockholder to the estate of such Stockholder upon his or her death, (b) with respect to a Stockholder who is either a natural Person or a legal Person other than a trust, any Transfer by such Stockholder to any Affiliate of such Stockholder, (c) with respect to a Stockholder that is a trust, any Transfer by such Stockholder to the beneficiaries of such trust or to any successor trust or successor trustee of such trust, (d) with respect to a Stockholder that held Company Equity Securities prior to the Restructuring, any Transfer of Company Equity Securities that were held by such Stockholder prior to the consummation of the Restructuring, so long as such Transfer takes place at least thirty (30) days after the consummation of the Restructuring, (e) any Transfer in connection with a Required Sale pursuant to Section 2.4, (f) any Transfer of Company Equity Securities initially issued in connection with the Restructuring from a Stockholder to another Stockholder, and (g) Transfers by Kestrel I and Kestrel II of their Voting Shares to Buckheit; provided, however, that any Permitted Transfer referenced in clauses (a)-(g) above, other than clause (e), must be made in accordance with Section 2.1.

1

3. Except as set forth above, the Agreement remains unmodified and in full force and effect and the provisions of Article XI of the Agreement (Miscellaneous) are incorporated herein and made part of this Amendment.

4. Upon the execution of this Amendment, each of the undersigned parties for themselves and each of their Affiliates forever releases each other party and such other party's Affiliates for any claims or causes of action that could have been brought for any acts or omissions occurring prior to the date hereof. Nothing herein shall act as a release of the Company's obligations to make any payment with respect to the New Notes and nothing herein shall affect the obligations of the parties pursuant to any agreements entered into by any such parties contemporaneously herewith. Each of the undersigned parties shall not and shall cause their Affiliates not to disparage any other party or such party's Affiliates in any way.

*[Signatures on following page]*

COMPANY

FRIENDFINDER NETWORKS INC.

_____
Jonathan B. Buckheit, CEO

KESTREL INDUSTRIES I LLC

By: *Paul Malek*
Name: Paul Malek
Title: Authorized Signatory

KESTREL INDUSTRIES II LLC

By: *Paul Malek*
Name: Paul Malek
Title: Authorized Signatory

ANDREW B. CONRU TRUST

By: _____
Andrew B. Conru, Trustee

The undersigned acknowledges, agrees and consents to the foregoing provisions.

_____
Jonathan B. Buckheit

*[Signature page to FFN Stockholder Agreement Amendment]*

3